UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEE SAMOWITZ | : | CASE NO. 3:05CV 22 (WWE) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| HOMES FOR AMERICA HOLDINGS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Plaintiff Samowitz instituted this action against defendant Homes For America Holdings, Inc. ("HFA") alleging breach of either a written contract or an oral contract, unjust enrichment, promissory estoppel, fraud, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA").

**BACKGROUND**

    From 1998 through 2002, plaintiff was a non-salaried officer and director of Coltsville Heritage Park, Inc., a 501(c)(3) corporation that was organized to redevelop the Colt Armory building in Hartford, Connecticut. Plaintiff was also a State Legislator representing Bridgeport, Connecticut from 1983 through 2002.

    In 2000, Coltsville Heritage Park entered into an Assistance Agreement ("Agreement") with the State of Connecticut, Department of Economic and Community Development ("DECD") whereby DECD agreed to provide assistance to Coltsville Heritage Park for the redevelopment project. Neither plaintiff nor defendant was a party to the Assistance Agreement.

    As of 2001, plaintiff was one of the two board members of Coltsville Heritage Park. During this time, Coltsville Heritage Park was seeking to renovate the Colt Armory property with the help of a for-profit developer. At all times relevant, Robert MacFarlane was the President, Chief Executive Officer and Chairman of the Board of HFA and was interested in real estate development opportunities.

    At a meeting in the fall of 2001, MacFarlane agreed with plaintiff that if HFA became

1

involved in the redevelopment project of the Colt Armory property, HFA would engage plaintiff as a co-developer of the property.  Plaintiff introduced HFA as a possible developer for the property to the only other board member of Coltsville Heritage Park.  On January 11, 2002, MacFarlane faxed plaintiff a signed, written agreement stating:

> Please accept this letter as our agreement to work exclusively with you in Homes For America Holdings, Inc.'s purchase of Coltsville Heritage Park, and its attendant properties, for $5,300,000.  We would hire your team for advisory, consulting, legal and operational work at $180,000 per year, until the site is complete with 80% leasing or sold, but in any event not to exceed three years.  We would also provide you with an ownership of 25% that we would have the exclusive option to purchase for $1,000,000, your position being co-terminus with your consulting agreement.
>
> The consultancy and ownership would be subject to the closing and appropriate letters from the State of Connecticut that there exist no conflicts or ethical indiscretions in these positions.  Proper legal counsel may require other provisions.

This fax is the "Contract" that the parties are disputing.  Soon after receiving the fax, plaintiff resigned from the Board of Directors of Coltsville Heritage Park and as a State Legislator. Plaintiff never obtained any letters from the State of Connecticut stating "that there exist no conflicts or ethical indiscretions in these positions".

In January 2003, defendant completed the purchase of the Colt Hartford property.  On January 21, 2003, HFA informed plaintiff via a handwritten letter signed by Robert MacFarlane that,

> We cannot use your legal services on any matter relating to the Colt Hartford property. We were required to make a representation to the State of Connecticut stating we would not hire any of the previous directors or managers of the Colt property.

For the following reasons, the Court grants in part and denies in part defendant's motion for summary judgment.

**DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catreet, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

Defendant moves for summary judgment on all claims: breach of a written contract or, in the alternative, breach of an oral contract, unjust enrichment, promissory estoppel, fraud, and violation of the C.G.S. § § 42-110b(a) and 42-100g(a).

**A. Breach of Contract and, in the alternative, Breach of Oral Contract**

The question of whether contract language is plain or ambiguous is to be determined by the court as matter of law. Schiavone v. Pearce, 79 F.3d 248 (2d Cir. 1996). Although ordinarily the question of contract interpretation, being a question of parties' intent, is a question of fact, where there is definitive contract language, determination of what parties intended by their contractual commitments is a question of law. Goldberg v. Hartford Fire Ins. Co., 269 Conn. 550, 559 (2004). Resolving the meaning of an ambiguous term in written contract through extrinsic evidence is squarely within the province of trier of fact. Consarc Corp. v. Marine Midland Bank, N.A., 996 F.2d 568, 573 (2d Cir. 1993). Inference of parties' common knowledge or understanding of contract terms that is based upon prior course of dealings is question of fact. New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG, 121 F.3d 24, 31 (2d

Cir. 1997).

The dispute over the terms and interpretation of the Contract forming the basis for this complaint, represents a disputed question of fact. Plaintiff alleges that defendant refused to honor its obligations under the Contract by failing to pay him the fees he is owed and the 25% ownership interest in the property. Defendant contends that the fax was merely an agreement-to-agree and that plaintiff's failure to get appropriate letters of permission from the State of Connecticut was a "condition precedent" that plaintiff failed to meet. Hence, the Court will deny defendant's motion for summary judgment on the breach of contract and, in the alternative, breach of oral contract.

### B. Unjust Enrichment

To assert a claim of unjust enrichment, plaintiff must show: "(1) that the defendant was benefitted, (2) that the defendant unjustly did not pay the plaintiff for the benefits, and (3) that the failure of payment was to the plaintiff's detriment." Eastern Metal Products, Inc. v. Deperry, 44 Conn. App. 60, 61-62 (1997) (citations omitted). Here, an issue of material fact exists as to plaintiff's unjust enrichment claim. Plaintiff alleges that defendant benefitted from the purchase of Coltsville Heritage Park and by its failure to compensate plaintiff pursuant to the Agreement. Defendant alleges that summary judgment should be granted in its favor because the "unclean hands" doctrine precludes a judgment in plaintiff's favor on this claim. Defendant contends that plaintiff had a direct conflict of interest and has unclean hands because the Agreement made with HFA were made while plaintiff was still a Coltsville Heritage Park Board Member, State Legislator, and Commerce Committee member and that only after the Contract was in place did plaintiff recuse himself. Defendant asserts that plaintiff used these positions of authority for personal gain. The parties disagree as to whether plaintiff was unethical and unjustly enriched. This conflict creates a genuine issue of material fact. The Court will deny defendant's motion for summary judgment on this claim.

### C. Promissory Estoppel

To recover on a theory of promissory estoppel, "a plaintiff must plead and prove four elements: (1) the promisor made a clear and definite promise; (2) the promisee reasonably relied on the promise; (3) the promise induced the action taken by the promisee; and (4) injustice can be avoided only by enforcement of the promise." Adair v. Pfizer, Inc., 245 F.Supp.2d 437, 444

4

(D. Conn. 2003).

In the instant action, defendant claims that plaintiff cannot satisfy the elements for a showing of promissory estoppel. However, such a showing hinges on the factual determination as to whether the parties intended a promise and therefore, it creates a genuine issue of material fact. The Court will deny defendant's motion for summary judgment on this ground.

### D. Fraud

The essential elements of an action in fraud are: "(1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." Updike, Kelly & Spellacy, P.C. v. Beckett, 269 Conn. 613, 643 (2004). The plaintiff "must prove the existence of the first three of these elements by a standard higher than the usual fair preponderance of the evidence, which higher standard we have described as 'clear and satisfactory' or 'clear, precise and unequivocal.'" Weisman v. Kaspar, 233 Conn. 531, 540 (1995).

Here, plaintiff does not meet the elevated standard to set forth a valid claim of fraud. Plaintiff's only allegation is that defendant failed to inform plaintiff of the Assistance Agreement, but by plaintiff's own Complaint, admits that defendant was not a party to this agreement. Nothing in the record suggests that defendant made any promises that it knew were false. See Telecom Intern America, Ltd. v. AT & T Corp., 280 F.3d 175 (2d Cir. 2001). Even though a defendant may poorly perform its obligations under a contract, this is not sufficient to show that the defendant entered into the contract with fraudulent intent. Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 664 (2d Cir. 1997). The alleged facts do not support a showing that any statement of fact amounts to a false misrepresentation. The Court will grant summary judgment for the defendant on the fraud claim.

### E. CUTPA

To prevail on a claim of CUTPA violation, plaintiff must prove that defendant, while acting in trade or commerce, engaged in unfair or deceptive acts that caused plaintiff to suffer an ascertainable loss. Conn. Gen. Stat. § § 42-110b(a) & 42-110g(a). Plaintiff must establish a CUTPA violation by showing either a deceptive or unfair practice or a practice amounting to a violation of public policy. Vezina v. Nautilus Pools, Inc., 27 Conn.App. 810, 819 (1992).

A practice is unfair: (1) if it offends public policy as it has been established by statutes, the common law or otherwise; (2) if it is immoral, unethical oppressive or unscrupulous; or (3) if it causes substantial injury to consumers.  Old Quarry Association v. Hickey, 659 F. Supp 1064, 1073 (D. Conn. 1986).  A practice is deceptive if it is a materially misleading representation, omission, or other practice that a consumer reasonably interpreted under the circumstances.  Southington Savings Bank v. Rodgers, 40 Conn.App. 23, 28 (1995), cert. denied, 236 Conn. 908 (1996).

Additionally, a "simple contract breach is not sufficient to establish a violation of CUTPA, particularly where the count alleging CUTPA simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous or offensive to public policy."  Boulevard Assocs. v. Sovereign Hotels, 72 F.3d 1029, 1038-39 (2d Cir. 1995).

Plaintiff has not sufficiently alleged facts supporting a claim of CUTPA.  Defendant's decision not to engage plaintiff is contrary to a showing of an "unfair" practice.  Defendant promised the State of Connecticut that it would not hire any of the previous directors or managers of the Colt Hartford property.  Subsequently, defendant refused to engage plaintiff's services.  Further, plaintiff has not alleged facts or adduced evidence sufficient to support a showing that defendant acted deceptively.  The Complaint fails to state how defendant's activities are allegedly immoral or unscrupulous.  The plain language of the fax suggests that defendant knew and alerted plaintiff to the possibility of a conflict of interest that could prevent the establishment of the proposed business relationship.  By plaintiff's own deposition testimony, he admits that he has not attempted nor received any of the "appropriate letters" from the State of Connecticut stating that there "exist no conflicts or ethical indiscretions" as set forth in the Contract.  The Court is not satisfied that there is any genuine issue of material fact.  Defendant's summary judgment motion on the CUTPA claim will be granted.

## **CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment [Doc. #23] is DENIED on the breach of contract and, in the alternative, breach of oral contract, and on the unjust enrichment and promissory estoppel claims. Defendant's motion for summary judgment is GRANTED on the fraud and CUTPA claims.

_____/s/_____
WARREN W. EGINTON, SENIOR U.S. DISTRICT JUDGE

Dated this 26th day of July 2006 in Bridgeport, Connecticut.